1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11  TANIA ZAMBRANO, an individual,                    Civil No. 13cv2107-WQH-WMC

12                                Plaintiff,          ORDER
            vs.
13  CARMAX AUTO SUPERSTORES,
    LLC, a Virginia Corporation;
14  CAPITAL ONE, N.A., a business
    entity of unknown form; SAFECO
15  INSURANCE COMPANY OF
    AMERICA, a New Hampshire
16  Corporation; and DOES 1 through 75,
    inclusive,
17
                                Defendants.
18

HAYES, Judge:

19
20          The matters before the Court are the Motion to Dismiss for Failure to State a

21  Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5), and the

22  Motion to Strike Portions of Plaintiff's Complaint pursuant to Federal Rule of Civil

23  Procedure 12(f) (ECF No. 6) filed by Defendants.

**I.      Background**

24
25          On July 26, 2013, Plaintiff Tania Zambrano initiated this action against

26  Defendants CarMax Auto Superstores, LLC ("CarMax"), Capital One, N.A. ("Capital

27  One"), and Safeco Insurance Company of America ("Safeco") by filing the Complaint

28  in the Superior Court of California, County of San Diego.  On September 10, 2013,

    Defendants removed the action to this Court.  (ECF No. 1).

On September 16, 2013, Defendants filed the Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5), and the Motion to Strike Portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f) (ECF No. 6).  On October 14, 2013, Plaintiff filed a response in opposition.  (ECF No. 10).  On October 21, 2013, Defendants filed a reply.  (ECF No. 11).

## II.    Allegations of the Complaint

CarMax makes extensive use of the term "certified" in its sales, promotions, and advertising.  (ECF No. 1-2 ¶ 19).  CarMax describes the vehicles it sells as "CarMax Quality Certified," and describes the inspection it performs on vehicles as "CarMax Quality Inspection," or "CQI."  *Id.*  Plaintiff relied on CarMax's representations that its vehicles had undergone a 25-point inspection and were "Certified."  *Id.* ¶ 15.

On March 2, 2012, Plaintiff purchased a 2007 Volkswagon Passat from CarMax.  *Id*. ¶ 16.  Plaintiff received a "generic inspection certificate" – the CarMax Certified Quality Inspection ("CQI") Certificate.  *Id.* ¶¶ 17, 22.  The CQI Certificate states, "This is to certify that this vehicle has passed the rigorous CarMax Certified Quality Inspection."  *Id*. ¶ 39.  It is CarMax's stated corporate policy to provide a CQI Certificate, which is a "generic list of components that were purportedly inspected, without disclosing the results of the inspection."  *Id*. ¶ 22.  Further, "it is CarMax's stated corporate policy to hide the CQI Certificate inside the glove-box of the vehicle."  *Id*.

CarMax did not provide Plaintiff with a completed inspection report indicating all components inspected prior to sale, during the sale, or after the sale.  *Id*. ¶ 20.

CarMax "actively suppressed and concealed the results of its vehicle inspection."  *Id*. ¶ 23.  "It is CarMax's stated corporate policy that, during the inspection, a 'CQI/CQI Checklist' is filled out."  The Checklist is the authentic record of the certification inspection.  "It is CarMax's corporate policy to destroy the 'CQI/CQI Checklist' in contravention of 13 C.C.R. 2.72.00, 13 C.C.R. 272.02 and CNCDA best practices."

1    *Id*. ¶ 23.  On information and belief, the "CQI/CQI Checklist" for Plaintiff's vehicle

2    was destroyed.   *Id*. ¶ 24.   "... CarMax does not provide consumers with any

3    documentation regarding its inspection of a vehicle – it destroys these documents." *Id*.

4    ¶ 25.

5         CarMax's CQI certificate "does not memorialize CarMax's 'CQI/CQI Checklist'

6    because the CQI certificate is a generic form, and includes mechanical systems that

7    were impossible to check or certify because they do not exist on Plaintiff's vehicle (*e.g.*

8    'Manual (starts with clutch only)', 'Clutch operation (manual trans)')." *Id*. ¶ 26.

9         Plaintiff was damaged by CarMax's conduct in the following ways.  First, she

10   "received less than she paid for."  *Id*. ¶ 27.  Plaintiff paid for a certified 2007

11   Volkswagon Passat.  "What Plaintiff received was an uncertified 2007 Volkswagon

12   Passat."  Second, Plaintiff was damaged because "she suffered opportunity costs due

13   to CarMax's misrepresentations." *Id*. ¶ 30.  Plaintiff relied on CarMax's representations

14   that the vehicle was "Certified," and these misrepresentations "diverted Plaintiff from

15   finding an authentic 'Certified' pre-owned vehicle." *Id*.  Third, Plaintiff was damaged

16   by "CarMax's fraudulent concealment of the true condition of the vehicle and its

17   representations regarding the inspection of the vehicle." *Id.* ¶ 31.

18       Almost immediately after purchasing the vehicle, Plaintiff experienced problems

19   with the vehicle.  First, the air conditioning routinely went out. *Id*. ¶ 32.  By September

20   2012, the vehicle would not start and was "undrivable."  *Id*.  This was the first of six

21   occasions requiring Plaintiff to contact AAA roadside assistance.  *Id*.  Plaintiff

22   contacted CarMax, and CarMax told her to take her car to a Volkswagon dealership for

23   repair.  *Id*.  The last time that Plaintiff took her vehicle to a Volkswagon dealership, she

24   was told there was "an intermittent charge draining the battery and an alternator." *Id*.

25   ¶ 33.

26       On May 30, 2013, Plaintiff went to CarMax in San Diego and spoke with

27   Michael Proctor about the problems with her vehicle. *Id*. ¶ 34.  Proctor stated that the

28   defects were not CarMax's issue because "they weren't pre-existing issues."  *Id*.    Th

Complaint asserts the following causes of action: (1) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, seeking equitable and injunctive relief as to all Defendants except Safeco; (2) violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.* as to all Defendants except Safeco; (3) Fraud and Deceit as to all Defendants except Safeco; (4)  violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* as to all Defendants except Safeco; (5) violation of Vehicle Code § 11711 as to Defendant Safeco only.

## II.    Motion to Dismiss

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted).

## B.    CLRA, UCL, and Fraud Claims

The CLRA "proscribes specified 'unfair methods of competition and unfair or deceptive acts or practices' in transactions for the sale or lease of goods to consumers." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824 (Cal. Ct. App. 2006) (quoting Cal. Civ. Code § 1770(a)). Such acts and practices include representing that goods have characteristics that they do not have, Cal. Civ. Code § 1770(a)(5), and representing that goods are of a particular standard, quality, or grade, if they are of another, *id.* § 1770(a)(7). Conduct that is "likely to mislead a reasonable consumer" violates the CLRA. *Colgan v. Leatherman Tool Grp.,* 135 Cal. App. 4th 663 (Cal. Ct. App. 2006) (citation omitted).

Under the UCL, any person or entity that has engaged "in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code §§ 17201,

17203. "Unfair competition" includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* § 17200. The UCL's "coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal.4th 163, 973 P.2d 527, 539 (Cal.1999) (internal quotations and citation omitted). The UCL essentially "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* at 539–40 (internal quotations and citation omitted).

The elements of a fraud claim in California are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 990 P. 2d 981 (1996). "To establish a cause of action for fraud a plaintiff must plead and prove in full, factually, and specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 156 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Id.* "The absence of any one of these required elements will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1332 (1986). Claims for fraud must meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

In this case, the Complaint states claims under the CLRA and the UCL, as well as a claim for fraud, based on violation of California Vehicle Code § 11713.18(a)(6) for wrongfully labeling Plaintiff's vehicle as "Certified," and false representations about the quality of the vehicle. (ECF No. 10 at 6).

### 1.    Violation of California Vehicle Code Section 11713.18(a)(6)

Plaintiff contends that CarMax violated the California Vehicle Code

1   § 11713.18(a)(6) by labeling Plaintiff's vehicle as "Certified" on the grounds that

2   CarMax did not provide Plaintiff with a completed inspection report indicating all the

3   components inspected prior to, during, or after the sale of the vehicle. (ECF No. 1-2 ¶¶

4   17, 18). Plaintiff contends that this violates the CLRA and the UCL, and constitutes

5   fraud. (ECF No. 10 at 6).

6       Defendants contend that the Complaint improperly asserts that Vehicle Code §

7   11713.18(a)(6) creates "an expansive duty to disclose detailed pre-sale repair history,"

8   when the Vehicle Code does not create such a duty. (ECF No. 6-1 at 18). Defendants

9   contend that the Complaint alleges no facts to support a claim that CarMax has not

10  complied with the requirements of § 11713.18(a)(6).

11      California Vehicle Code § 11713.18(a)(6) provides:

12      It is a violation of this code for the holder of any dealer's license issued
13      under this article to advertise for the sale or sell a used vehicle as
        'certified' or use any similar descriptive term in the advertisement or the
        sale of a used vehicle that implies the vehicle has been certified to meet the
14      terms of a used vehicle certification program if ... [p]rior to sale, the dealer
        fails to provide the buyer with a completed inspection report indicating all
15      the components inspected.

16  A violation of § 11713.18(a)(6) is actionable under the CLRA and the UCL. Cal.

17  Vehicle Code § 11713.18(b).

18      In this case, the Complaint states that CarMax provided Plaintiff with a CarMax

19  Certified Quality Inspection ("CQI") Certificate. *Id.* ¶¶ 17, 20. The CQI Certificate

20  states, 'This is to certify that this vehicle has passed the rigorous CarMax Certified

21  Quality Inspection.' *Id.* ¶ 39. The Complaint states that the CQI Certificate "provide[s]

22  a generic list of components ... that were purportedly inspected...." *Id.* ¶ 82. Plaintiff

23  contends that the CQI Certificate's "generic" list of components inspected and includes

24  "mechanical systems that were impossible to check or certify because they do not exist

25  on Plaintiff's vehicle (*e.g.*, 'Manual (starts w/ clutch in only)', 'Clutch operation

26  (manual trans)')." *Id.* ¶ 26. However, the Complaint does not allege any facts that

27  demonstrate that the CarMax CQI Certificate is not a "completed inspection report

28  indicating all the components inspected." § 11713.18(a)(6). Section 11713.18(a)(6)

1  does not preclude the use of a generic form used for many different vehicles.  The Court

2  finds that the Complaint does not set forth sufficient facts to show that the CarMax CQI

3  Certificate does not meet the requirements of § 11713.18(a)(6).

**2.     False Representations About the Quality of the Vehicle**

5      Plaintiff further contends that CarMax made false representations about the

6  quality of the vehicle.  (ECF No. 10 at 6).  The Complaint alleges eleven false

7  representations made by CarMax regarding the vehicle and its inspection.  (ECF No. 1-

8  2 ¶ 48).  The majority of the alleged misrepresentations relate to CarMax's use of the

9  term "Certified" and failing to provide an inspection report.  *Id.* (misrepresentations 2,

10  3, 4, 5, 6, 8, 9, 10).  As discussed above, Plaintiff has failed to allege facts sufficient to

11  show that the CQI Certificate was not a valid report pursuant to § 11713.18(a)(6).  As

12  a result, Plaintiff has failed to allege that CarMax made misrepresentations regarding

13  its use of the term "Certified" and its failure to provide an inspection report

14  (misrepresentations 2, 3, 4, 5, 6, 8, 9, 10).

15      Plaintiff's remaining alleged misrepresentations concern CarMax's inspection of

16  the vehicle.  Plaintiff contends that CarMax made the following misrepresentations:

18  (1) misrepresenting that the vehicle had been subject to a thorough 125-point inspection; ... (7) On information and belief, destroying the CQI/CQI

19  Checklist after the CQI/CQI inspection took place in violation of 13 C.C.R. 272.000 and 13 C.C.R. 272.02; ... (11) Actively concealing and

20  suppressing the results of the vehicle inspection when it has a duty to disclose those results.

21  (ECF No. 1-2 at 13).  To plead such false representations, which sound in fraud,

22  Plaintiff must meet the heightened pleading standards of Federal Rule of Civil

23  Procedure 9(b), which "requires ... an account of the time, place, and specific content

24  of the false representations as well as the identities of the parties to the

25  misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)

26  (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

27  Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where,

28  and how of the misconduct charged") (quotation omitted).

With regard to the CarMax's alleged misrepresentation that the vehicle had been subject to a thorough 125-point inspection, the Complaint fails to provide information regarding the time, place, and specific content of the representation, or the identities of the parties to the representation.  With regard to Plaintiff's claim that CarMax actively concealed and suppressed the results of the vehicle inspection, the Complaint fails to provide any facts indicating why CarMax had a duty to disclose the results of the inspection, and how, when, and where CarMax failed to do so.  With regard to Plaintiff's claim on information and belief that CarMax destroyed the CQI/CQI Checklist after the inspection took place, the Complaint fails to any details regarding the basis for Plaintiff's belief.  When allegations are made on information or belief, "a plaintiff must provide, in great detail, all the relevant facts forming the basis for her belief."  *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 985 (9th Cir. 1999).

The Complaint fails to allege all eleven misrepresentations and violations with sufficient particularity to meet the heightened pleading standards of Rule 9(b).

### 3.  Damages

Actual damages are a necessary element to any claim under the CLRA, the UCL, and any fraud claim.  Accordingly, if a plaintiff cannot establish that she suffered actual damages, she does not have standing to bring a CLRA, UCL or fraud claim.  Plaintiff contends that she was damaged by CarMax's conduct in three ways.  (ECF No. 1-2 ¶ 27).  First, she contends that she paid for a Certified 2007 Volkswagon Passat, but what she received was an uncertified 2007 Volkswagon Passat.  *Id*. ¶ 28.  Plaintiff contends that "a component of [her] damages is the difference in value between a Certified 2007 Volkswagon Passat and an uncertified 2007 Volkswagon Passat."  *Id*.  However, the Complaint does not allege sufficient facts to show that CarMax's CQI Certification was invalid, or that the vehicle Plaintiff purchased was uncertified.

Second, Plaintiff contends that she suffered opportunity costs because CarMax's representations diverted her from finding an authentic "Certified" pre-owned vehicle.  *Id*. ¶ 30.  However, the Complaint does not allege sufficient facts to show that her

1    vehicle was not a "Certified" pre-owned vehicle.

2        Third, Plaintiff contends that she was damaged by "CarMax's fraudulent

3    concealment of the Passat and its representations regarding the inspection of the

4    vehicle." *Id*. ¶ 31.  As discussed above, the Complaint fails to meet the heightened

5    pleading standards of Rule 9(b), and Plaintiff has not sufficiently alleged CarMax's

6    fraudulent concealment or false representations.

7        The Complaint fails to adequately plead actual damages for Plaintiff's claims

8    under the CLRA, the UCL, and for fraud.  The Complaint also fails to plead claims

9    under the CLRA, the UCL, and for fraud with sufficient particularity to meet the

10   heightened pleading standards of Rule 9(b).

11        **C.**    **Implied Warranty of Merchantability Claim**

12        Plaintiff contends that CarMax provided her with a "30 day/1,000 mile express

13   and implied warranty" when she purchased her vehicle.  (ECF No. 1-2 ¶ 62).  Plaintiff

14   contends that the vehicle she purchased "... was delivered to Plaintiff with serious

15   defects and nonconformities, including but not limited to a defective and

16   malfunctioning engine and charging system." *Id*. ¶ 63.  Plaintiff contends that these

17   defects to the warranty manifested themselves within the implied and express warranty

18   periods, and substantially impaired the use, value, and/or safety of the vehicle, and that

19   CarMax therefore violated the Song-Beverly Consumer Warranty Act, Cal. Civ. Code.

20   § 1792 ("Song Beverly").  *Id*. ¶ 64.

21        Defendants contend that Plaintiff fails to state a claim for breach of the implied

22   warranty of merchantability because the Complaint fails to plead facts to show that the

23   vehicle was unusable for its purpose, now or during the first three months of ownership.

24   (ECF No. 6-1 at 15-16).  Defendants contend the facts alleged in the Complaint show

25   that Plaintiff experienced no problems until six months after purchasing the vehicle,

26   which was after the express and implied warranty periods had expired. *Id*. at 16-17.

27        Song-Beverly provides in pertinent part: "Unless disclaimed in the manner

28   prescribed by this chapter, every sale of consumer goods that are sold at retail in

[California] shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. In general, the warranty of merchantability ensures that goods are fit "for the ordinary purpose for which such goods are used." *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (2009). Under Song-Beverly, "the duration of the implied warranty for used goods extends only up to three months after purchase from a distributer or retail seller." *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 992-93 (N.D. Cal. 2013). An implied warranty of merchantability does not promise a perfect or even problem-free vehicle – it only assures the buyer that the car will at least function for its intended purpose. *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1295 n.2 (1995). It "does not impose a general requirement that the goods precisely fulfill the expectation of the buyer. Instead it provides for a minimum level of quality." *Id.* at 1295-96. To be reasonably suited for its ordinary use, a vehicle need not be perfect in every detail so long as it functions. *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 943-45 (C.D. Cal. 2012).

The Court finds that Plaintiff has not sufficiently pled facts to support a claim that CarMax breached its implied warranty. Plaintiff purchased the vehicle from CarMax on March 2, 2012. The Complaint alleges that shortly after purchasing the vehicle, she experienced problems with the air conditioning. (ECF No. 1-2 ¶ 32). The Complaint does not state precisely when these problems began to occur. Plaintiff does not allege that she experienced any problems with the usability of the vehicle until September, 2012, when "the vehicle would not start and was undrivable." *Id.* September, 2012 is six months after Plaintiff purchased the vehicle – three months after the implied warranty period expired. September, 2012 is outside the "30 day/1,000 mile express and implied warranty" that Plaintiff states she received from CarMax. The Complaint fails to allege sufficient facts to support a claim that CarMax has breached its implied warranty of merchantability.

**D.     Vehicle Code § 11711 as to Safeco**

Plaintiff contends that CarMax obtained a surety bond from Defendant Safeco in the amount of $50,000.  (ECF No. 1-2 ¶ 100).  Plaintiff contends that pursuant to California Vehicle Code § 11711, Safeco "is liable under the bond to CarMax, based on the fraud of CarMax, in the amount of the purchase price of the vehicle...."  *Id*. ¶ 106.  The Court finds that the Complaint fails to allege that CarMax committed any fraud, and therefore Plaintiff's claim under Vehicle Code  § 11711 must be dismissed.

## III.    Motion to Strike

Defendants moves to strike various portions of the Complaint as redundant, immaterial and/or contrary to law pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 6-1 at 9).  Because the Court dismisses the Complaint in its entirety, the Motion to Strike is denied as moot.

## IV.    Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED, and the Motion to Strike (ECF No. 6) is DENIED as moot.   The Complaint is DISMISSED in its entirety without prejudice.  Plaintiff shall file any motion for leave to amend Complaint within thirty (30) days from the date this Order is filed.

DATED:  January 21, 2014

**WILLIAM Q. HAYES**
United States District Judge