# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA ZAMBRANO, an individual,<br><br>                          Plaintiff,<br>vs.<br>CARMAX AUTO SUPERSTORES, LLC, a Virginia Corporation; CAPITAL ONE, N.A., a business entity of unknown form; SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation; and DOES 1 through 75, inclusive,<br><br>                          Defendants. | Civil No. 13cv2107-WQH-WMC<br><br>ORDER |

HAYES, Judge:

      On January 21, 2014, the Court granted the motion to dismiss filed by Defendants, dismissed the Complaint without prejudice, and permitted Plaintiff to file a motion for leave to file a first amended complaint. (ECF No. 12).

      On February 20, 2014, Plaintiff filed a Motion for Leave to Amend Complaint, accompanied by a proposed first amended complaint. (ECF No. 13). Plaintiff states that the Complaint "was not clearly enough set forth," and that "even more facts supporting liability have been discovered." *Id*. at 2. Plaintiff states that "the First Amended Complaint ... makes clear that nothing ... relating to the inspection or report was given [to Plaintiff] prior to sale." *Id*. at 2. Plaintiff states that the Complaint "fail[ed] to highlight what is the most significant damage claim." *Id*. at 3.


On March 10, 2014, Defendants filed an opposition to the Motion for Leave to Amend Complaint. (ECF No. 14). Defendants contend that "[a]mendment is futile here based on the pleadings in the Complaint, the prior rulings of this Court dismissing it, and the specific facts (including those demonstrated by its exhibits) now pleaded in the Proposed FAC. Between them, there simply is no ability to plead facts sufficient to state a claim." *Id.* at 7.

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion, the proposed first amended complaint, and the filings of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed first amended complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

1  IT IS HEREBY ORDERED that the Motion for Leave to Amend Complaint is
2 GRANTED. (ECF No. 13). Plaintiff shall file the proposed first amended complaint
3 attached to the motion within ten (10) days of the date of this Order.
4 DATED: May 2, 2014

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge