**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANIA ZAMBRANO, an individual, | Civil No. 13cv2107-WQH-JLB |
| Plaintiff, | ORDER |
| vs. | |
| CARMAX AUTO SUPERSTORES, LLC, a Virginia Corporation; CAPITAL ONE, N.A., a business entity of unknown form; SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation; and DOES 1 through 75, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21) and the Motion to Strike Portions of Plaintiff's First Amended Complaint (ECF No. 22) filed by Defendants.

**I.    Background**

On July 26, 2013, Plaintiff Tania Zambrano commenced this action against Defendants CarMax Auto Superstores, LLC ("CarMax"), Capital One, N.A. ("Capital One"), and Safeco Insurance Company of America ("Safeco") by filing the Complaint in the Superior Court of California, County of San Diego. On September 10, 2013, Defendants removed the action to this Court. (ECF No. 1).

On September 16, 2013, Defendants filed a motion to dismiss. (ECF No. 5). On

January 21, 2014, the Court granted Defendants' motion to dismiss and dismissed the Complaint in its entirety without prejudice. (ECF No. 12).

On May 9, 2014, Plaintiffs filed the First Amended Complaint ("FAC"), which is the operative pleading in this case. On May 22, 2014, Defendants filed the Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 21), accompanied by a request for judicial notice (ECF No. 21-2), and the Motion to Strike Portions of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f) (ECF No. 22). On June 9, 2014, Plaintiff filed an opposition (ECF No. 25), accompanied by a Request for Judicial Notice (ECF No. 25-1). On June 16, 2014, Defendants filed a reply. (ECF No. 24). On July 23, 2014, Plaintiff filed a Supplemental Request for Judicial Notice of a July 21, 2014 order in *Knapp v. CarMax Auto Superstores California, LLC*, United States District Court, Central District of California Case No. 5:14-CV-01112-BRO (SPx). (ECF No. 25). On July 24, 2014, Defendants filed an objection to the Supplemental Request for Judicial Notice. (ECF No. 26). On October 27, 2014, the Court issued an Order stating that "Defendants shall have until October 31, 2014 to respond to the information provided by" *Knapp.* (ECF No. 32). On October 31, 2014, Defendants filed a response to Plaintiff's Supplemental Request for Judicial Notice, accompanied by a Request for Judicial Notice. (ECF No. 33).

**II.     Allegations of the FAC**

Plaintiff purchased an automobile from CarMax on February 25, 2012. On that date, Plaintiff met with CarMax saleswoman Elena Amaya, who represented that "all CarMax vehicles are good quality certified vehicles." (ECF No. 18 at 4). Plaintiff had also seen CarMax commercials that represented that CarMax sold certified vehicles. Sometime between February 25 and March 2, 2012, Plaintiff saw a 2007 Volkswagen Passat on the CarMax website, which also represented that its automobiles were "certified." *Id.* Because her automobile came with a five day option to return, Plaintiff decided to exchange her automobile for the Passat. On March 2, 2012, she again met

with Elena Amaya, and "[n]othing was said that contradicted the first sales conversation and the representations...." *Id.* On March 2, 2012, Plaintiff purchased the Passat.

"Plaintiff WAS NOT, WAS NOT, 'provided' any form of inspection report or certificate of any kind prior to purchase of the subject vehicle or for that matter the first vehicle." *Id.* at 5. "CarMax did not provide Plaintiff with a 'completed inspection report indicating all components inspected' prior to sale, during the sale, or after the sale." *Id.* at 5. "Only after plaintiff contacted an attorney, many months after the purchase did Plaintiff find in her glove box a "certificate'...." *Id.* "It is CarMax's stated corporate policy to hide a generic list of components - a 'Carmax Quality Inspected ("CQI") Certificate' - that were purportedly inspected, without disclosing the *results* of the inspection. A generic list is not a 'completed inspection report.'" *Id.* at 5-6. "Further, it is CarMax's corporate policy to hide the generic certificate, inside the glove-box of the vehicle." *Id.* at 6. The CQI Certificate "itself indicates it is not a list of all components inspected" because it lists 125 components checked, "many items not even applicable to Plaintiff's vehicle including manual transmission, clutch, sunroof, etc." *Id.* at 6.

CarMax destroyed the "real checklist" for Plaintiff's vehicle. *Id.* Because CarMax had a duty to disclose the "real checklist" it destroyed pursuant to California Vehicle Code section 11713.18(a)(6), it has violated the Consumers Legal Remedies Act and California Business and Professions Code section 17200. *Id.* It was illegal for CarMax to use the term "certified" because the term cannot be used in advertising unless California Vehicle Code section 11713.18(a)(6) is complied with. *Id.* at 8. CarMax knowingly violated California Vehicle Code section 11713.18(a)(6) because it actively opposed its passage in the California Assembly and knowingly failed to train its regional VP general manager of the new law. *Id.* at 8-9.

Plaintiff would have paid less or not purchased the vehicle if CarMax did not represent that the vehicle was certified. Plaintiff was also damaged by being induced to purchase a "lousy defective vehicle." *Id.* at 6. "Plaintiff is informed and believes,

and thereon alleges, that if she had reviewed the actual inspection report, she would not have purchased this vehicle and/or paid what she did. As CarMax destroyed this report, there is an evidentiary presumption against them and the only purpose for such destruction and non-disclosure is to mislead consumers." *Id.* at 7. "Plaintiff was also damaged because she received less than she paid for. Concerted marketing of 'Certified' pre-owned vehicles by auto manufacturers and dealers to consumers has created an association of high quality." *Id.* "Plaintiff was also damaged because she suffered opportunity costs due to CarMax's misrepresentations. Plaintiff relied on CarMax's representations that the vehicle was 'Certified.' Plaintiff suffered opportunity costs because CarMax's misrepresentations diverted Plaintiff from finding an authentic 'Certified' pre-owned vehicle." *Id.*

Plaintiff asserts the following claims for relief: (1) violation of the California Consumers Legal Remedies Act ("CLRA") against Defendants CarMax and Capital One; (2) violation of California Business & Professions Code section 17200 ("UCL") against Defendants CarMax and Capital One; and (3) violation of California Vehicle Code section 11711 against Defendant Safeco. Plaintiff requests damages, rescission of the purchase contract, incidental and consequential damages, punitive damages, equitable and injunctive relief pursuant to California Civil Code section 1780 and California Business & Professions Code section 17200, and attorneys' fees.

**III. Motion to Dismiss (ECF No. 21)**

    **A.    Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### B. CLRA and UCL Claims (First and Second Claims)

#### i. Standing

Defendants contend that Plaintiff has not adequately alleged damages under the CLRA or UCL to satisfy the standing requirements of those laws. Defendants contend that it is insufficient for Plaintiff to allege that her vehicle was uncertified because the inspection report was placed in the glove box of her car. Defendants contend that the alleged technical violation of California Vehicle Code section 11713.18(a)(6) is a "legal distraction" because it does not demonstrate a "tangible decrease in the quality of the certification." (ECF No. 21-1 at 15). Defendants further contend that Plaintiff's alleged missed opportunity costs is an implausible injury because the FAC alleges that CarMax

inspected more than the 125 points listed in the CQI Certificate.

Plaintiff contends that she has adequately alleged damages because she has alleged that Defendant CarMax had a duty to provide Plaintiff with the real inspection report prior to purchase, and Plaintiff would not have paid the same amount for her vehicle had she seen the real inspection report. Plaintiff further contends that Plaintiff relied on Defendant CarMax's improper use of the term "certified" in advertising the vehicle.

California Business & Professions Code section 17204 provides that actions pursuant to the UCL may be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To establish standing under the UCL, "a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). California Civil Code section 1780(a) provides that "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person to recover or obtain any of the following...." Cal. Civ. Code § 1780(a). Under the CLRA, the consumer must allege that he or she has "suffered 'damage' as the result of unlawful practices," i.e., "some kind of tangible increased cost or burden to the consumer." *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 643 (2009).

California Vehicle Code section 11713.18, subdivision (a) provides:

> (a) It is a violation of this code for the holder of any dealer's license issued under this article to advertise for sale or sell a used vehicle as "certified" or use any similar descriptive term in the advertisement or the sale of a used vehicle that implies the vehicle has been certified to meet the terms of a used vehicle certification program if any of the following apply:
> ...
> (6) Prior to sale, the dealer fails to provide the buyer with a completed inspection report indicating all the components inspected.

Cal. Vehicle Code § 11713.18(a). California Vehicle Code section 11713.18(b) provides:

> (b) A violation of this section is actionable under the Consumers Legal Remedies Act (Title 1.5 (commencing with Section 1750) of Part 4 of Division 3 of the Civil Code), the Unfair Competition Law (Chapter 5 (commencing with Section 17200) of Part 2 of Division 7 of the Business and Professions Code), Section 17500 of the Business and Professions Code, or any other applicable state or federal law. The rights and remedies provided by this section are cumulative and shall not be construed as restricting any right or remedy that is otherwise available.

Cal. Vehicle Code § 11713.18(b).

The FAC alleges that Plaintiff did not receive CarMax's CQI Certificate prior to her purchase of the Passat, as required by California Vehicle Code section 11713.18(a). The FAC alleges that Defendant CarMax advertised the 2007 Volkswagen Passat as "certified" in violation of California Vehicle Code section 11713.18(a). The FAC further alleges that "'Certified' pre-owned vehicles typically sell for between a few hundred and a few thousand dollars more than a comparable, non-certified vehicle. Plaintiff paid for a Certified 2007 VW Passat." (ECF No. 18 at 7). "Plaintiff would have paid less and/or not purchased the vehicle if CarMax had not represented that the vehicle was 'Certified.'" *Id.*

> Plaintiff was also damaged because she suffered opportunity costs due to CarMax's misrepresentations. Plaintiff relied on CarMax's representations that the vehicle was "Certified." Plaintiff suffered opportunity costs because CarMax's misrepresentations diverted Plaintiff from finding an authentic "Certified" pre-owned vehicle. She may not have ended up with such a lousy vehicle.

*Id.*

The FAC further alleges that "[t]he real checklist for Plaintiff's vehicle was destroyed. CarMax has testified this is their policy in multiple cases." (ECF No. 18 at 6). The FAC also alleges that "Plaintiff is informed and believes, and thereon alleges, that if she had reviewed the actual inspection report, she would not have purchased this vehicle and/or paid what she did. As CarMax destroyed this report, there is an evidentiary presumption against them and the only purpose for such destruction and

non-disclosure is to mislead consumers." *Id.*

The Court finds that Plaintiff has sufficiently alleged a loss of money or property as the result of UCL and CLRA violations by alleging that Defendant CarMax advertised a vehicle as "Certified" when it was not legally permitted to do so. Plaintiff either would not have purchased the Passat or would have paid a lesser amount for the vehicle if Defendant CarMax had complied with California Vehicle Code section 11713.18(a) by refraining from advertising the vehicle as "certified" until the requirements of section 11713.18(a) were met. The Court concludes that Plaintiff has standing to pursue UCL and CLRA claims based on Defendant CarMax's allegedly unlawful use of the term "Certified" in its advertising of the 2007 Volkswagen Passat.[1]

The Court finds that Plaintiff's alleged injury stemming from the alleged destruction of the "real checklist" is insufficient to confer standing under the UCL or CLRA. Plaintiff alleges on information and belief that review of the "actual inspection report" would have changed her purchasing decision. Plaintiff does not allege sufficient facts to make plausible the allegation that the "actual inspection report" would have changed her purchasing decision. (ECF No. 18 at 6). The Court concludes that Plaintiff has failed to allege "sufficient factual matter, accepted as true" to permit the inference that Plaintiff lost "money or property" or suffered "damages" as a result of Defendants' alleged destruction of the "real checklist." *Iqbal*, 556 U.S. at 678; Cal. Bus. & Prof. Code § 17204; Cal. Civ. Code § 1780(a).

Defendants' Motion to Dismiss Plaintiff's UCL and CLRA claims is granted to the extent they are based on Defendant CarMax's alleged destruction of the "real checklist."

### ii. Violations of the UCL and CLRA

#### 1. California Vehicle Code section 11713.18

---

[1] The Court need not determine whether Plaintiff's alleged opportunity cost could, by itself, establish UCL and CLRA standing because Plaintiff has alleged that she would have paid less for the Passat or would not have purchased the Passat had she known it was not "Certified."

1    Defendants contend that they complied with California Vehicle Code section
2 11713.18(a) because generic inspection reports, such as the CQI Certificate, are
3 compliant with section 11713.18(a). Defendants assert that Plaintiff alleges that the
4 CQI Certificate was provided to her prior to purchase because she alleges that it was
5 placed in the glove box of the vehicle. Defendants assert that the Court has already
6 rejected Plaintiff's claims to the extent they are based on Defendants placing the CQI
7 Certificate in the glove box. Plaintiff contends that the CQI Certificate cannot be a
8 "completed inspection report indicating all the components inspected" when, as
9 Plaintiff alleges, the CQI Certificate itself states that it "is not a full and complete list
10 of what is inspected." (ECF No. 23 at 6-7). Plaintiff asserts that she has alleged that
11 she did not receive the CQI Certificate prior to purchase by alleging it was found in the
12 vehicle's glove box many months after purchase. *Id.* at 9.

13    California Vehicle Code section 11713.18(a) prohibits the advertising of a used
14 automobile as "certified" when "[p]rior to sale, the dealer fails to provide the buyer with
15 a completed inspection report indicating all the components inspected." Cal. Vehicle
16 Code § 11713.18(a)(6). The FAC alleges that Plaintiff "WAS NOT, WAS NOT,
17 'provided' any form of inspection report or certificate of any kind prior to purchase of
18 the subject vehicle or for that matter the first vehicle." (ECF No. 18 at 5). The FAC
19 further alleges that "CarMax did not provide Plaintiff with a 'completed inspection
20 report indicating all components inspected' prior to sale, during the sale, or after the
21 sale." *Id.* at 5. The FAC also alleges that "[o]nly after plaintiff contacted an attorney,
22 many months after the purchase did Plaintiff find in her glove box a "certificate'...."
23 *Id.* The FAC plausibly alleges a violation of California Vehicle Code section
24 11713.18(a) by alleging that Defendant CarMax failed "provide [Plaintiff] with a
25 completed inspection report" prior to purchase by placing the CQI Certificate in the
26 glove box prior to purchase, and alleging that Plaintiff did not find the CQI Certificate
27 until months after purchase. The Court finds that Plaintiff has alleged sufficient facts
28 to permit the inference that Defendant CarMax California Vehicle Code section

11713.18(a).

"A violation of [section 11713.18] is actionable under the [CLRA], [the UCL], Section 17500 of the Business and Professions Code, or any other applicable state or federal law." Cal. Vehicle Code § 11713.18(b). Under the UCL, any person or entity that has engaged "in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code §§ 17201, 17203. "Unfair competition" includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* § 17200. The UCL's "coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 973 P.2d 527, 539 (1999) (internal quotations and citation omitted). The UCL "unlawful" prong essentially "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* at 539–40 (internal quotations and citation omitted). The CLRA provides that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful ... (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services...." Cal. Civ. Code § 1770(a)(2).

Because Plaintiff has plausibly alleged a violation of section 11713.18(a), Plaintiff has adequately alleged violations of the UCL and CLRA. *See Gonzalez v. CarMax Auto Superstores, LLC*, No. SACV 13-0139, slip op. at 3 (C.D. Cal. Dec. 30, 2013) (finding that the plaintiff stated a claim for violations of the UCL and CLRA by that "he in fact never received any inspection document in connection with the sale, not even the CQI certificate"); *Clark v. CarMax Auto Superstores Cal., LLC*, No. EDCV 14-01847, slip op. at 10 (C.D. Cal. Oct. 20, 2014) (denying motion to dismiss CLRA and UCL claims and finding that "[t]he timing of the disclosure of the CQI Certificate in this instance ... does support a CLRA and UCL claim"). Even assuming, as

Defendants contend, that Rule 9(b) applies to this theory, Plaintiff has alleged "with particularity the circumstances constituting fraud" by alleging that, on February 25, 2012, CarMax saleswoman Elena Amaya represented that "all CarMax vehicles are good quality certified vehicles," even though Defendant did not provide "any form or report or even a certificate <u>prior to sale</u>." Fed. R. Civ. P. 9(b); (ECF No. 18 at 5) (emphasis in original). The Court concludes that the FAC states claims for violations of the CLRA and UCL based on Defendants' failure to provide Plaintiff with a "completed inspection report indicating all components inspected" prior to sale of the vehicle. Cal. Vehicle Code § 11713.18(a)(6).[2,3]

Defendants' Motion to dismiss Plaintiffs' UCL and CLRA claims is denied to the extent it is based on Defendants' alleged unlawful advertising of the 2007 Volkswagen Passat as "Certified."

### 2. Specific CLRA Violations

Defendants contend that an alleged violation of California Civil Code section 1770(a)(14) does not apply to the facts of the FAC. Plaintiff does not address this contention in opposition.

The CLRA provides that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful ... (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services.... (14) [r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." Cal. Civ. Code § 1770(a)(2), (14). The FAC does not allege any facts plausibly

---

[2] Because the CQI Certificate was allegedly never provided to Plaintiff prior to sale, the Court need not decide whether the CQI Certificate, as alleged in the FAC, is compliant with section 11713.18(a).

[3] The Court declines to consider whether Plaintiff has adequately alleged UCL and CLRA violations based on Defendants' alleged destruction of the "real checklist" because the Court has determined that Plaintiff has not sufficiently alleged her standing to advance that damages theory.

suggesting that Defendants represented the sale of the 2007 Volkswagen Passat as involving "rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." *Id.* Defendants' Motion to Dismiss Plaintiff's CLRA claim is granted to the extent it is premised on a violation California Civil Code section 1770(a)(14).

### C. Punitive Damages

Defendants contend that Plaintiff has failed to plead sufficient facts to establish fraudulent intent to harm consumers. Defendants contend that Plaintiff has failed to allege "*specific acts* of specific *corporate officers* with power to bind the corporation, or *ratification or advance knowledge* that corporate employees would so act." (ECF No. 21-1 at 21) (citing Cal. Civ. Code § 3294(b)) (emphasis in original). Plaintiff contends that CarMax knowingly violated California Vehicle Code section 11713.18.

California Civil Code section 3294 provides, in relevant part:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
>
> (b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(a), (b).

Under California pleading standards, "[t]o support punitive damages, the complaint ... must allege ultimate facts of the defendant's oppression, fraud, or malice." *Cyrus v. Haveson*, 65 Cal. App. 3d 306, 316-17 (1976). Federal Rule of Civil Procedure 9(b) provides, in contrast, that "[m]alice, intent, knowledge and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Federal

Rule of Civil Procedure 8(a)(3) provides that "[a] pleading that states a claim for relief must contain ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 9(b). The Ninth Circuit has stated of Rule 8(a)(3) that "a simple request 'for damages' would satisfy the notice requirement [of Rule 8(a)(3)] without imposing any undue burden on the drafter" but "the useless statement, 'I was wronged and am entitled to judgment for everything to which I am entitled'" does not satisfy the notice requirement. *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098 (9th Cir. 2001).

"District courts in this circuit have disagreed over whether the pleading standards [of the Federal Rules of Civil Procedure] may be used to dismiss a prayer for punitive damages." *Hennighan v. Insphere Ins. Solutions, Inc.*, No. 13–CV–638–JST, 2013 WL 1758934, at *6 (N.D. Cal. Apr.24, 2013) (citing cases and stating that "[t]his Court is not persuaded that *Twombly* and *Iqbal* apply to claims for punitive damages"). Among the district courts in this circuit of the opinion that federal pleading standards may be used to dismiss a prayer for punitive damages, there is further disagreement as to whether *Twombly* and *Iqbal's* plausibility standard applies to a prayer for punitive damages. *See, e.g.*, *Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) ("Although some courts in this circuit have expressed some reservation in applying the pleading standards set forth in *Twombly* and *Iqbal* to claims for punitive damages, *see, e.g., Putini v. Blair Corp.*, 2010 WL 1797019 (S.D. Cal. 2010) at *2, this court can see no basis for such reservation.").

The FAC alleges that Defendant hides the generic CQI Certificate and destroys the real inspection report. The FAC further alleges:

> CarMax opposed the passage of the Car Buyer's Bill of Rights ... and, once it was passed, decided to intentionally violate it. CarMax has admitted it was aware of the bills passage.
>
> With full knowledge of this law, CarMax's policies require each California CarMax dealership to violate the law in every sale, including the sale of the vehicle to Plaintiff. While Car Max at least as of May 22, 2012, showed customers a 'certificate,' the certificate does not comply with the law.

> CarMax, to make more money, intentionally undermined the protections granted consumers by California law. CarMax's intentional acts harm consumers and create profit for CarMax because consumers, including Plaintiff, are denied information, and purchase vehicles they would not otherwise purchase. Punitive damages are proper to deter CarMax's acts deemed socially unacceptable and to discourage perpetuation of CarMax's objectionable corporate policies. Plaintiff in discovery has learned a number of facts to support punitive damages.
>
> [Vaughn Sigmon, the regional VP general manager for CarMax] spent a month at corporate offices being trained before he became the head of California in the Spring of 2006. The Car Buyer's Bill of Rights was never in any manner even mentioned to him prior to starting his position in California, which was just months before the bill became effective, nor was he in any manner told that any change needed to be made in the current disclosure system.

(ECF No. 18 at 8-10). Plaintiff prays for punitive damages as to the CLRA claim only.

The Court does not decide the issue of whether the California standard, *Twombly* and *Iqbal*'s plausibility standard, or the plain language of Rules 8(a)(3) and 9(b) applies to prayers for punitive damages because Defendants' motion to dismiss would be denied under any of these standards. The FAC alleges sufficient facts plausibly demonstrating that Defendant CarMax acted with "oppression, fraud, or malice" by alleging that Defendant CarMax has a policy of hiding non-compliant inspection reports and destroying real inspection reports that are important to a consumer's purchasing decision. Cal. Civ. Code § 3294(a). The FAC alleges sufficient facts to permit the inference Defendant CarMax "was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b). The Court concludes that Plaintiff's prayer for punitive damages is not subject to dismissal.

Defendants' Motion to Dismiss Plaintiff's prayer for punitive damages is denied.

**D. Attorneys' Fees under the UCL**

Defendants contend that Plaintiff is not entitled to attorneys' fees under the UCL. and cannot recover them pursuant to California Code of Civil Procedure section 1021.5 because Plaintiff "is vindicating her own personal rights or economic interest." (ECF No. 21 at 21). Plaintiff does not address this contention in opposition.

California Code of Civil Procedure section 1021.5 provides:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Code Civ. Proc. § 1021.5. "Although the UCL does not provide for attorney fees, a prevailing plaintiff may seek attorney fees as a private attorney general under Code of Civil Procedure section 1021.5." *Yanting Zhang v. Superior Court*, 57 Cal. 4th 364, 371 n.4 (2013).

Defendants' Motion to Dismiss Plaintiff's request for attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 is denied at this stage in the proceedings.

**IV.   Motion to Strike (ECF No. 22)**

Defendants move to strike the following portions of the FAC:

> Punitive damages are proper to deter CarMax's acts deemed socially unacceptable and to discourage the perpetuation of CarMax's objectionable corporate policies. Plaintiff in discovery has learned a number of facts to support punitive damages.
> ...
> Plaintiff further seeks punitive damages from CarMax for its malicious, oppressive and fraudulent acts against plaintiff, based on the general allegation herein.
> ...
> For punitive damages based on the CLRA cause of action only.... Code of Civil Procedure §1021.5, and the bond company claims...

(ECF No. 18 at 8, 11, 15).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court finds that none of the cited portions of the FAC are subject to Rule 12(f) striking. The portions related to punitive damages and attorneys' fees are not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). These allegations are relevant to Plaintiff's punitive

damages and attorneys' fees requests and put Defendants on notice of the nature of those requests.

Defendants' Motion to Strike is denied.

## V.     Conclusion

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 21) is GRANTED in part and DENIED in part.  Defendants' Motion to Dismiss is granted as follows.   Plaintiff's CLRA and UCL claims (First and Second Claims) are DISMISSED to the extent they seek damages as the result of alleged destruction of the "real checklist."  Plaintiff's CLRA claim (First Claim) is DISMISSED to the extent it is based on a violation of California Civil Code section 1770(a)(14).

IT IS FURTHER ORDERED that Defendants' Motion to Strike (ECF No. 22) is DENIED.

DATED:  December 1, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge